IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>R & G Endeavors, Inc.,<br>d/b/a Culver's Restaurants of Cottage Grove.<br><br>Defendant. | Civil Action No. 23-1501<br><br>**C O M P L A I N T**<br><br>JURY TRIAL DEMAND |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the bases of race and sex (including sexual orientation) and provide appropriate relief to aggrieved individuals who were adversely affected by such practices.

As alleged with greater particularity below, R & G Endeavors, Inc., doing business as Culver's Restaurants of Cottage Grove ("Defendant" or "R & G") discriminated against one of its employees ("Aggrieved Individual") when it subjected him to a hostile work environment and constructively discharged him based on race and sexual orientation, in violation of Title VII.

The Commission further alleges that Defendant discriminated against a group of female employees at Defendant's restaurant in Cottage Grove, Minnesota, by subjecting them to sexual harassment, in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and § 706(f)(3) of Title VII, as amended, 42 U.S.C. § 2000e-5(f)(1) and § 2000e-5(f)(3), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Minnesota.

## PARTIES

3. Plaintiff United States Equal Employment Opportunity Commission ("EEOC" or "Commission") is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. Defendant operates restaurants as a franchisee of the Culver's fast food chain.

5. At all relevant times, Defendant has continuously been a corporation doing business in the State of Minnesota and the City of Cottage Grove, in Washington County.

6. At all relevant times, Defendant has continuously had at least 15 employees.

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, EEOC Charge No. 440-2020-01718 was filed with the Commission alleging violations of Title VII by Defendant.

9. On June 23, 2022, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant violated Title VII by (1) discriminating against the Aggrieved Individual on the basis of race and sex (sexual orientation) by subjecting him to a hostile work environment and constructively terminating his employment, and (2) discriminating against a group of female employees, because of their sex, by subjecting them to sexual harassment.

10. The Commission invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

11. The Commission engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

13. On September 9, 2022, the Commission issued Defendant a Notice of Failure of Conciliation.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

15. Since at least March 2020, Defendant engaged in unlawful employment practices at its Cottage Grove, Minnesota, restaurant, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), affecting the Aggrieved Individual. In particular:

   a) These practices include, but are not limited to, subjecting the Aggrieved Individual to harassment because of race and sex (sexual orientation), including unwelcome and offensive racist and homophobic comments and slurs. For example, other employees called the Aggrieved Individual "nigger" and

    "faggot" and made crude jokes about his sexual orientation, as well as other highly offensive comments.

  b) At least two managers also engaged in the harassment, with one referring to him as the restaurant's "adopted African child."

  c) Defendant was aware of the harassment because management employees and owners of Defendant witnessed instances of the harassment.

  d) Defendant was also aware of the harassment because the Aggrieved Individual reported the harassment to Defendant's managers and asked them to address it.

  e) Defendant failed to prevent and/or remedy the harassment. Even after Defendant received reports about the harassment, did not take disciplinary or other remedial action against the harassers, and the harassment continued.

  f) Defendant also failed to maintain adequate policies against workplace harassment and failed to adequately train its employees about workplace harassment and how to report it.

16. Since at least March 2020, Defendant engaged in unlawful employment practices at its Cottage Grove, Minnesota, restaurant, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), affecting the Aggrieved Individual. In particular:

  a) Defendant constructively discharged the Aggrieved Individual by subjecting him to harassment because of his race and sex (sexual orientation), as set forth in Paragraph ¶ 15.

  b) On August 17, 2020, this harassment continued with Defendant's employees again calling the Aggrieved Individual "faggot" and "nigger," telling him to perform oral sex on them, and making other insulting jokes and comments.

    c)    For the Aggrieved Individual, the harassment that day was the last straw. Combined with Defendant's repeated refusal to address the harassment, it created working conditions so intolerable it was impossible for the Aggrieved Individual to endure them any longer.

    d)    As a result of the intolerable working conditions, the Aggrieved Individual was compelled to leave his employment.

17.    Since at least March 2020, Defendant engaged in unlawful employment practices at its Cottage Grove, Minnesota, restaurant in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), affecting a group of aggrieved female employees. In particular:

    a)    These practices include, but are not limited to, subjecting female employees to unwelcome and offensive physical contact and sexual comments and propositions. For instance, male employees touched female staff on the butt, called them sexual pet names, pressured them for sex, and asked them to provide personal contact information. This harassing behavior targeted employees as young as fourteen years old.

    b)    Defendant was aware of the harassment because management employees and owners of Defendant witnessed instances of the harassment.

    c)    Defendant was also aware of the harassment because female employees reported the harassment to Defendant's managers and asked them to address it.

    d)    Defendant failed to prevent and/or remedy the harassment. Even after receiving reports of sexual harassment of female employees, Defendant did not take disciplinary or other remedial action against the harassers and the harassment continued.

  e)  Defendant also failed to maintain adequate policies against workplace harassment and failed to adequately train its employees about workplace harassment and how to report it.

18. The effect of the practices complained of above has been to deprive the Aggrieved Individual and aggrieved female employees of equal employment opportunities and otherwise adversely their status as employees because of their race and sex (including sexual orientation).

19. The unlawful employment practices complained of above were intentional.

20. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Aggrieved Individual and aggrieved female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

 A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of race in violation of Title VII.

 B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of sex (including sexual orientation) in violation of Title VII.

 C. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees who oppose practices made unlawful by Title VII.

 D. Order Defendant to institute and carry out policies, practices, and programs which

provide equal employment opportunities for its employees regardless of race or sex (including sexual orientation), and which eradicate the effects of its past and present unlawful employment practices.

  E. Order Defendant to make whole the Aggrieved Individual, by providing appropriate backpay, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement.

  F. Order Defendant to make whole the Aggrieved Individual and aggrieved female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

  G. Order Defendant to make whole the Aggrieved Individual and aggrieved female employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional pain, suffering, humiliation, and inconvenience, in amounts to be determined at trial.

  H. Order Defendant to pay the Aggrieved Individual and aggrieved female employees who were subjected to the unlawful practices alleged above punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

  I. Order Defendant to pay the Aggrieved Individual and aggrieved female employees who were subjected to the unlawful practices alleged above prejudgment interest.

  J. Grant such further relief as the Court deems necessary and proper in the public interest.

  K. Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint that do not relate solely to equitable relief.

Dated May 23, 2023

        Gwendolyn Young Reams
        Acting General Counsel
        Equal Employment Opportunity Commission
        131 M Street, N.E., 5th Floor
        Washington, D.C. 20507

        Gregory Gochanour
        Regional Attorney
        EEOC Chicago District Office
        230 South Dearborn Street, Ste. 2920
        Chicago, IL 60604
        Email: gregory.gochanour@eeoc.gov

        Justin Mulaire
        Assistant Regional Attorney
        EEOC Chicago District Office
        230 South Dearborn Street, Ste. 2920
        Chicago, IL 60604
        Email: justin.mulaire@eeoc.gov

        Miles Shultz
        Trial Attorney
        EEOC Chicago District Office
        230 South Dearborn Street, Ste. 2920
        Chicago, IL 60604
        Telephone: 312-872-9718
        Email:miles.shultz@eeoc.gov

        /s Greger B. Calhan_____
        Greger Calhan
        Trial Attorney
        EEOC Minneapolis Area Office

        330 Second Avenue South, Suite 720
        Minneapolis, Minnesota 55401
        Telephone: (612) 552-7323
        Facsimile: (612) 335-4044
        Email: greger.calhan@eeoc.gov