## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) | CIVIL NO. 23-cv-01501(JMB/SGE) |
| v. | ) ) | |
| R & G ENDEAVORS, INC., D/B/A CULVER'S RESTAURANTS OF COTTAGE GROVE. | ) ) ) | |
| Defendant. | ) ) ) | |

## CONSENT DECREE

## THE LITIGATION

1.　　Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Commission") filed a Complaint against Defendant R&G Endeavors, Inc. d/b/a Culver's Restaurants of Cottage Grove ("Defendant" or "Culver's of Cottage Grove") in the United States District Court for the District of Minnesota for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq* ("Title VII") and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, alleging that Defendant discriminated against one of its employees ("Aggrieved Individual") when it subjected him to a hostile work environment and constructively discharged him based on race and sexual orientation, in violation of Title VII. The Commission further alleged that Defendant discriminated against a group of female employees ("Female Aggrieved Individuals") at

1

Defendant's restaurant in Cottage Grove, Minnesota, by subjecting them to sexual harassment, in violation of Title VII. In the interest of resolving this matter, and after engaging in comprehensive settlement negotiations, Plaintiff and Defendant hereby stipulate and agree to entry of this Consent Decree (the "Decree") to resolve Plaintiff's Complaint against Defendant in *U.S. Equal Employment Opportunity Commission v. R&G Endeavors, Inc. d/b/a Culver's Restaurants of Cottage Grove,* Civil No. 23-1501 (D. Minn.) (the "Action").

2.    Defendant filed an Answer denying that it violated Title VII.

3.    The Parties agree that this Action is fully and completely resolved by entry of this Decree. The Decree is made and entered into by and between the EEOC and Defendant and shall be binding on and enforceable against Defendant, as well as its parents, subsidiaries, agents, successors, and assigns.

## FINDINGS

4.    Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds that:

a) The Court has jurisdiction over the Parties and the subject matter of this litigation;

b) The terms of this Decree are adequate, fair, reasonable, equitable, and just;

c) The rights of the Parties, the Aggrieved Individual, the Female Aggrieved Individuals, and the public interest are adequately protected

2

by this Decree;

d) Entry of this Decree will further the objectives of Title VII and will be in the best interests of the Parties, the Aggrieved Individual, the Female Aggrieved Individuals, and the public.

e) This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person; and

f) The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgments, and decrees that may be necessary to implement the relief provided herein.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

**INJUNCTION AGAINST DISCRIMINATION AND RETALIATION**

5.       Defendant, its officers, agents, employees, successors, assigns, and all persons acting in concert with it are hereby enjoined from the following: (1) creating a hostile work environment or engaging in any form of race harassment or sex harassment, including sexual orientation harassment; and (2) engaging in any form of retaliation against any person because such person complained about race harassment or sex harassment, including sexual orientation harassment, opposed any practice prohibited by Title VII, filed a charge of discrimination under the Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, asserted any rights under this Decree, or engaged in any action required by this Decree.

## RACE & SEX DISCRIMINATION AND HARASSMENT POLICIES

6.      Within sixty (60) calendar days of the date of the entry of this Decree, Culver's of Cottage Grove shall adopt or affirm, and maintain through the Term of this Decree, policies specifically prohibiting race harassment  or sex harassment, including harassment because of an  individual's sexual orientation and affirming the employee rights granted under Title VII, including policies which protect employees from race harassment or sex harassment, including sexual orientation harassment, and which prohibit retaliation for any complaints of discrimination or harassment or for participating in an investigation of harassment or retaliation. Such policies and procedures shall, at minimum:

> a) Explain employees' rights and employers' responsibilities under Title VII and this Decree, including that federal law requires Culvers to prohibit and address race harassment or sex harassment, including sexual orientation harassment in the workplace and to provide equal opportunities to all employees regarding all terms, conditions, benefits, and privileges of employment;

> b) Ensure that Culvers shall timely address any complaints of race harassment  or sex harassment, including, sexual orientation harassment in the workplace, and describe the procedure for employees or applicants to make such complaints, providing for a prompt, thorough, and effective process that includes direct communication and follow up

4

with the employee making such complaint and provide a specific point of contact for employees to communicate questions or concerns at any time in the process;

c) Explain the duties that company owners, supervisors, managers, and human resource employees have to prohibit and address race harassment or sex harassment, including sexual orientation harassment in the workplace and to provide equal opportunities to all employees regarding all terms and conditions of employment;

d) Require that any employee in a supervisory position who receives a complaint of race harassment or sex harassment, including sexual orientation harassment in the workplace shall report such complaint to a designated human resources employee and/or the owner of Culver's of Cottage Grove MN within twenty-four (24) hours of receiving said complaint.

e) Clearly describe a complaint process for employees or applicants who believe they have been subjected to race or sex discrimination, including race or sex harassment, that provides both internal and external avenues for complaints (e.g., explaining a process for filing a complaint with human resources and explaining that an employee or applicant may file a charge of discrimination with the EEOC and/or similar state enforcement agency), and provide a regularly monitored phone number

for employees to report complaints; and provide the toll free number of

EEOC, (800) 669-4000, for employees to make inquiries at EEOC.

f)  Ensure that employees who make complaints of discrimination, or who

provide information related to complaints of discrimination are

protected against retaliation; and

g)  Ensure that Defendant will take immediate and appropriate corrective

action when it determines that discrimination, harassment, or retaliation

has occurred.

7.      No later than ninety (90) days after the Effective Date of this Decree,

Defendant shall provide to EEOC a copy of all policies and procedures related to race

harassment or sex harassment, including sexual orientation harassment; such policies and

procedures shall conform to the provisions of Paragraph 6 of this Decree.

8.      No later than one hundred and twenty (120) days after the Effective Date,

Defendant shall distribute its policies to all Culver's employees at Culver's of Cottage

Grove, MN, location.

9.      No later than one hundred and thirty (130) days after the Effective Date,

Defendant shall submit to EEOC a statement confirming distribution of the policies to all

Culver's employees at Culver's of Cottage Grove, MN location.

10.     Nothing in this Decree represents an endorsement by EEOC or by the Court

that either Defendant or any of its policies are in compliance with federal anti-

discrimination laws.

### MONETARY RELIEF

11.    Within fourteen (14) business days of the approval of this Decree by the Court or within fourteen (14) business days after Defendant receives the Release, attached as **Exhibit A**, signed by the Aggrieved Individual, whichever is later, Defendant shall cause the Aggrieved Individual to be paid the sum total of **$82,500**, with of **$72,500** of that total in compensatory damages and **$10,000** in backpay. Defendant shall send the Aggrieved Individual payment by electronic transmission of the funds to the Aggrieved Individual in accord with payment instructions to be provided by EEOC. Defendant shall provide EEOC with a receipt or other record showing electronic transmission of the funds to the Aggrieved Individual. Defendant shall not withhold any portion of the gross sum to cover the employer's share of any payroll or other taxes. Defendant shall issue an IRS Form 1099 and Form W2 to the Aggrieved Individual for the payments.

12.    Within fourteen (14) business days of the approval of this Decree by the Court or within fourteen (14) business days after Defendant receives the Release, attached as **Exhibit A**, signed by a Female Aggrieved Individual in this case, whichever is later, Defendant shall pay the gross sum indicated on **Exhibit B** to the Female Aggrieved Individual as compensatory damages for emotional distress. A total of **$103,500** shall be paid to the Female Aggrieved Individuals. The sum shall be divided among them pursuant to the attached table in **Exhibit B**, access to which is restricted to the parties absent further order of the Court, and which reflects the exercise of EEOC's sole discretion over the allocation of the settlement fund, using the criteria of length of

employment during the period of time that the alleged harassment was ongoing, severity of the alleged harassment (including whether physical touching was involved and how frequently), description of emotional distress, and participation in the litigation. Defendant shall send each Female Aggrieved Individual's payment by electronic transmission of the funds in accord with payment instructions to be provided by the EEOC. Defendant shall provide EEOC with a receipt or other record showing electronic transmission of the funds to each Female Aggrieved Individual. Defendant shall issue an IRS Form 1099 to each Female Aggrieved Individual for the payment.

13.    If any portion of the monetary relief is not electronically transferred to the Aggrieved Individual or Female Aggrieved Individual within fourteen (14) business days of the approval of this Decree by the Court or after Defendant receives a Release, attached as **Exhibit A**, signed by the Aggrieved Individual or Female Aggrieved Individual, whichever is later ("Unpaid Amount"), then for each business day beyond the fourteenth business day that such portion remains unpaid, Defendant shall pay to the affected Aggrieved Individual, in the manner set forth above, an amount equal to the greater of $50.00 or 0.1% of the Unpaid Amount. If any funds remain undistributed because Defendant was not provided with a release from one of the Aggrieved Individuals or for any other reason, these funds will be shared in equal percentages among the Aggrieved Individuals who have returned release forms. Under no circumstances shall any of the funds remain with the Defendant.

## POSTING OF NOTICE

14.    No later than fourteen (14) business days after entry of this Decree, and
continuously for the duration of this Decree, Defendant shall post copies of the Notice
attached as **Exhibit C** to this Decree in a conspicuous location on a bulletin board or
other physical space that are regularly used by Defendant for posting legal notices
concerning employee rights at Culver's of Cottage Grove. No later than twenty (20)
business days after entry of this Decree, Defendant shall certify to EEOC in writing that
the Notice has been properly posted and distributed in accordance with this Paragraph.

## RECORD KEEPING

15.    During the term of this Decree, Defendant must retain records of each
complaint of race harassment or sex harassment or report of retaliation resulting from any
such complaint, as well as all documents received or created as part of any investigation
into a complaint of conduct that could constitute race harassment or sex harassment or
report of retaliation resulting from any such complaint.

16.    For each such complaint of race harassment or sex harassment or report of
retaliation resulting from any such complaint as described in Paragraph 15, above, such
records shall include: (a) the name of the employee who made the complaint or report
and that employee's address and telephone number; (b) the date of the complaint or
report; (c) a written description of what was alleged; (d) a written description of the
resolution or outcome, including a description of what actions, if any, Defendant took,
and the name and position of all employees who were involved; (e) if the complaint or

report was made in written form, a copy thereof; and (f) all documents, including notes, correspondence, photographs, or written statements, collected in the course of the investigation.

## **REPORTING**

17.    Defendant shall furnish to EEOC the following written reports semi-annually ("Semi-Annual Report") during the term of this Decree. The first Semi-Annual Report shall be due six (6) months after the entry of the Decree. Subsequent Semi-Annual Reports shall be due every six (6) months thereafter, except that the final Semi-Annual Report shall be due thirty (30) calendar days prior to the expiration of the Decree. Each such Semi-Annual Report shall contain:

  a)    Summaries of all records described in Paragraph 16, above, for the six (6) month period preceding the Semi-Annual Report (or for the five (5) month period preceding the final Semi-Annual Report), or a certification by Defendant that no complaints of race harassment or sex harassment or report of retaliation resulting from any such complaint as described in Paragraph 15, above, were received during that period; and

  b)    A certification by Defendant that the Notices required to be posted pursuant to Paragraph 14 of the Decree remained posted in the manner required during the entire six (6) month period preceding the Semi-Annual Report (or for the five (5) month period preceding the final Semi-Annual Report).

## TRAINING

18.    During the term of the Decree, Defendant shall provide annual training to all Culver's employees, including owners, officers, managers, supervisors, and human resources employees at Culver's of Cottage Grove, MN. Such training shall cover the federal laws which prohibit employment discrimination, including obligations of employers under Title VII to prohibit and address race harassment and sex harassment in the workplace, including sexual orientation harassment. The training will encourage bystander reporting, that is, it will convey that all individuals in the workplace are encouraged (and, for the owner, supervisors, and managers, required) to act if they observe any behavior that violates Defendant's policies prohibiting sexual harassment and retaliation, and it will explain how they can do so. Culver's of Cottage Grove, MN shall repeat this training at least once every twelve (12) months for the duration of the Decree and shall occur within thirty (30) calendar days of each anniversary following entry of the Decree. The first annual training shall be completed within ninety (90) days of entry of the Decree. A registry of attendance shall be maintained for each training session required under this Paragraph.

19.    Defendant shall notify EEOC of its proposed trainer(s) and the content the trainer proposes to present before the commencement of any training session required under Paragraph 18, above. The trainer shall not be an owner, officer, or employee of Defendant. Defendant shall submit the name(s), address(es), telephone number(s), resume(s), and training proposal of their proposed trainer(s) (including copies of all

materials proposed to be displayed, distributed, or otherwise presented) to EEOC at least twenty (20) business days prior to the proposed date of each training session. EEOC shall have ten (10) business days from the date it receives the information described above to object to the proposed trainer(s) and/or content the trainer proposes to present. In the event EEOC objects to Defendant's proposed trainer(s) and/or training materials, Defendant shall have fourteen (14) business days to identify an alternative trainer and/or make changes to the training materials. EEOC shall then have five (5) business days from the date it receives the information described above to object to the alternate trainer, and/or revised training materials. If the parties cannot agree on a trainer or training content through this process, they may seek the Court's assistance under Paragraphs 21 and 22, below.

20.     No later than ten (10) business days after each training session described in Paragraph 18 above takes place, Defendant shall certify to EEOC in writing that the required training session has taken place, and the required personnel have attended. Every certification of training described in this Paragraph shall include: (a) the date, location, and duration of the training; (b) a copy of the registry of attendance, which shall include the name and position of each person trained; (c) a current list by name, position, and location of all the employees subject to the training requirement, specifically denoting any employees who did not receive the training and providing makeup training for those individuals within ten (10) business days; and (d) copies of any and all pamphlets,

brochures, outlines, or other written materials provided or displayed to the personnel attending each training session, if not already provided to EEOC.

## DISPUTE RESOLUTION

21.     If EEOC believes that Defendant is not complying with this Decree, EEOC will notify Defendant, in writing, of the nature of the dispute. This notice shall specify the particular provision(s) of this Decree that the EEOC believes Defendant has violated or breached. Defendant shall have fourteen (14) business days from receipt of the written notice to attempt to resolve, cure or remedy the breach or satisfy EEOC that Defendant complied with the Decree. The Parties may agree to extend this period upon mutual consent.

22.     If Defendant has not remedied the alleged breach or satisfied EEOC that they have complied, and the Parties have reached no resolution or agreement to extend the time further, EEOC may petition this Court for resolution of the dispute, seeking all available relief, including an extension of the term of the Decree, and all other relief to which EEOC may be entitled as a matter of law, and/or any other relief the Court deems appropriate.

## TERMS AND SCOPE OF THE DECREE AND RETENTION OF JURISDICTION

23.     The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

24.     This Decree shall remain in effect, and the Court will retain jurisdiction of this matter to enforce this Decree, for a term of three (3) years immediately following the entry of the Decree for Culver's of Cottage Grove, MN, unless extended by order of this Court.

25.     If any disputes under Paragraphs 21 and 22 remain unresolved at the end of the term of the Decree, the term of the Decree shall be automatically extended, and the Court will retain jurisdiction of this matter to enforce the Decree until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

26.     Each party to this Decree shall bear its own expenses, attorneys' fees, and costs, except as otherwise indicated in this Decree.

27.     The terms of this Decree are and shall be binding on the present and future owners, directors, officers, managers, agents, successors, and assigns of Defendant. Prior to any sale or other transfer of any Defendant's business or sale or other transfer of all or a substantial portion of any of Defendant's assets, Defendant shall provide a copy of this Decree to any potential purchaser, potential transferee, or other potential successor.

28.     When this Decree requires a certification by Defendant of any fact(s), such certification shall be made under oath or penalty of perjury by an owner, officer, or management employee of Defendant to the best of such owner's, officer's, or management employee's knowledge, information, and belief.

29.    Solely for the purpose of verifying compliance with this Decree, upon three (3) business days' notice, Defendant will make available for inspection and copying records requested by the EEOC, the covered location to be inspected by the EEOC, and employees to be interviewed by the EEOC, except that Defendant shall permit a representative of the EEOC to enter Defendant's premises without prior notice for the sole purpose of verifying compliance with Paragraph 14 of this Decree at any time during normal business hours.

30.    The EEOC may be required to report the fact of this settlement to the Internal Revenue Service (IRS) under Section 162(f) and 6050X of the Internal Revenue Code which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the IRS.

a)    The Defendant's EIN is: 20-5118360

b)    The individual to whom the EEOC should email a copy of the form 1098-F, if required to do so, is:

Name: Ben Gathje

Email Address: bengathje@gmail.com

31.    When this Decree requires the submission by Defendant of reports, certifications, notices, or other materials to EEOC, they shall be sent by electronic mail to CDO_Decrees@eeoc.gov, with courtesy copies sent to the trial attorneys, Leslie.Carter@eeoc.gov and Carrie.Vance@eeoc.gov.

32.     Defendant agrees that the receipt of monetary relief shall not be conditioned on any matter not expressly set forth in this Decree. In particular, monetary relief is not conditioned on the agreement of any Aggrieved Individual to: (a) maintain as confidential the facts and/or allegations underlying the charge, his or her complaints, or the terms of this Decree; (b) waive any statutory rights to file any future charge with any governmental agency, provided, however, the amounts paid pursuant to this Decree are the sole amounts the Aggrieved Individuals are entitled to recover for the claims included in the Complaint in this action; (c) refrain from reapplying for a job with Defendant or any successor of Defendant; or (d) agree to a non-disparagement and/or confidentiality agreement.

## MODIFICATION AND SEVERABILITY

33.     This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein. No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing.

34.     If one or more provisions of the Decree are deemed unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments to effectuate the purposes of the Decree. In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved with the remaining provisions.

**SO ORDERED, ADJUDGED, and DECREED** on this thirtieth day of May, 2025.

16

By the Court:

_____
The Hon. Jeffrey M. Bryan
United States District Judge

AGREED TO IN FORM AND CONTENT:


**U.S. EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**

ANDREW ROGERS
Acting General Counsel
131 M. Street NE
Washington, DC 20507

GREGORY GOCHANOUR
Regional Attorney

DEBORAH HAMILTON
Assistant Regional Attorney

*s/ Leslie N. Carter*
Leslie N. Carter (IL #6311023)
Senior Trial Attorney
U.S. EEOC Milwaukee Area Office
310 W. Wisconsin Ave., Ste. 500
Milwaukee, Wisconsin 53203
414.662.3711 (phone)
Leslie.Carter@eeoc.gov

*s/ Carrie Vance*
Carrie Vance
Senior Trial Attorney
U.S. EEOC Milwaukee Area Office
310 W. Wisconsin Ave., Ste. 500
Milwaukee, Wisconsin 53203
414.662.3711 (phone)
Carrie.Vance@eeoc.gov


ATTORNEYS FOR PLAINTIFF

**R&G ENDEAVORS, INC. D/B/A**
**CULVER'S RESTAURANTS OF**
**COTTAGE GROVE**


*s/ Lisa M. Lamm Bachman*
Lisa M. Lamm Bachman (#0264313)
Paul W. Magyar (#0399108)
Foley & Mansfield, LLP
250 Marquette Avenue, Suite 540
Minneapolis, MN 55401
612-338-8788

llammbachman@foleymansfield.com
pmagyar@foleymansfield.com


ATTORNEYS FOR DEFENDANT

**EXHIBIT A**

## <u>RELEASE AGREEMENT FOR AGGRIEVED INDIVIDUAL</u>

In consideration of $82,500 to be paid to me by Defendant in connection with the resolution of *EEOC v. Defendant R&G Endeavors, Inc. d/b/a Culver's Restaurants of Cottage Grove*, Civil No. 23-1501 (D. Minn.), I waive my right to recover for any claims of race harassment or sex harassment, including sexual orientation harassment, arising under Title VII of the Civil Rights Act of 1964 that I had against Defendant on or before the date of this release and that were included in the claims in EEOC's complaint in *EEOC v. Defendant R&G Endeavors, Inc. d/b/a Culver's Restaurants of Cottage Grove*, Civil No. 23-1501 (D. Minn.).

Signed: _____    Date: _____
     Aggrieved Individual

## <u>RELEASE AGREEMENT FOR FEMALE AGGRIEVED INDIVIDUALS</u>

In consideration of $_____ to be paid to me by Defendant in connection with the resolution of *EEOC v. Defendant R&G Endeavors, Inc. d/b/a Culver's Restaurants of Cottage Grove*, Civil No. 23-1501 (D. Minn.), I waive my right to recover for any claims of sex harassment arising under Title VII of the Civil Rights Act of 1964 that I had against Defendant on or before the date of this release and that were included in the claims in EEOC's complaint in *EEOC v. Defendant R&G Endeavors, Inc. d/b/a Culver's Restaurants of Cottage Grove*, Civil No. 23-1501 (D. Minn.).

Signed: _____    Date: _____
     Female Aggrieved Individual

**EXHIBIT B**

| **Aggrieved Individual** | **Compensatory Damages** |
|---|---|
| ███████████████ | $18,662.16 |
| ███████ | $18,662.16 |
| ███████ | $21,405.41 |
| ███████ | $21,797.30 |
| ███████ | $22,972.97 |
| SUM TOTAL | $103,500.00 |

**EXHIBIT C**

## NOTICE TO DEFENDANT'S EMPLOYEES

This Notice is posted pursuant to a Consent Decree entered by the federal court in the District of Minnesota resolving a lawsuit filed by U.S. Equal Employment Opportunity Commission (EEOC) against Defendant Culver's, *EEOC v. Defendant R&G Endeavors, Inc. d/b/a Culver's Restaurants of Cottage Grove*, Civil No. 23-1501.

In this lawsuit, EEOC alleged that Defendant violated Title VII of the Civil Rights Act of 1964 by subjecting an employee (the "Aggrieved Individual") to race harassment and sex harassment and constructively discharging him in violation of Title VII. The EEOC further alleged that Defendant violated Title VII by subjecting a group of female employees ("Female Aggrieved Individuals") to sexual harassment.

To resolve this case, EEOC, the aggrieved employees, and Defendant entered a Consent Decree requiring, among other things, that:

1. Defendant will pay the Aggrieved Individual damages;

2. Defendant will pay the Female Aggrieved Individuals damages, divided amongst them;

3. Defendant is enjoined from creating a hostile work environment by failing to prohibit and address race and sex harassment, including sexual orientation harassment; and

4. Defendant will adopt and distribute a policy prohibiting race and sex harassment, including sexual orientation harassment, and provide training to its employees on the policy and the requirements of Title VII.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex (including pregnancy), religion, age, disability or genetic information.  If you believe you have been discriminated against on one of the foregoing bases, you may contact the EEOC at (312) 872-9777.  You can also reach the EEOC through EEOC's ASL Video Phone (1-844-234-5122) or TTY (1-800-669-6820). The EEOC charges no fees.

## THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for three (3) years from the date below and must not be altered, defaced, or covered by any other material. Any questions about this Notice or compliance with its terms may be directed by email to CDO_Decrees@eeoc.gov

| | |
|---|---|
| May 30, 2025 | |
| Date | Judge Jeffrey M. Bryan, District of Minnesota |